UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAZIE S. CURTIS, on behalf of
herself and all others similarly situated,

        Case No. 8:19-cv-02876

    Plaintiff,

v.

GOLDMAN SACHS BANK USA a/k/a
MARCUS BY GOLDMAN SACHS,

    Defendant.
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW comes MAZIE S. CURTIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of GOLDMAN SACHS BANK USA a/k/a MARCUS BY GOLDMAN SACHS ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action on behalf or herself and numerous other individuals against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

2. Plaintiff brings this action, on her own behalf and in her individual capacity, against Defendant pursuant to the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55 for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

3. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's individual state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion the events or omissions giving rise to the claims occurred within the Middle District of Florida.

### PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Pinellas County, Florida, which is located within the Middle District of Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant is engaged in the business of offering loans and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of Florida. Defendant is a corporation organized under the laws of the State of New York with its principal place of business located at 200 West Street, New York, NY 10282.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") for a personal loan that Plaintiff purportedly owes to Defendant.

11. Around September 2019, Plaintiff began receiving calls to her cellular phone, (615) XXX-6088, from Defendant seeking to collect upon the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6088. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (844) 627-2877 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant uses other phone numbers to contact Plaintiff's cellular phone.

14. Upon information and belief, the above-referenced phone number ending in -2877 is regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiff had to endure a noticeable pause, lasting several seconds in length, and had to say "hello" several times before being connected to a live representative.

16. Defendant has also placed several phone calls to Plaintiff's cellular phone during which Plaintiff experienced Defendant's use of prerecorded messages.

17. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

18. Defendant's relentless collection campaign caused Plaintiff to demand that Defendant cease contacting her.

19. Despite Plaintiff's efforts, Defendant continued to regularly call her cellular phone.

20. Defendant has contacted Plaintiff at least 30 times after her demands that Defendant stop contacting her cellular phone.

21. Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant continues to call consumers attempting to collect upon debts after such consumers have requested that such calls stop.

22. All of Defendant's phone calls to Plaintiff's cellular phone number occurred within the four years preceding the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and others similarly situated against Defendant for its violations of the TCPA.

24. Plaintiff brings this action against Defendant, both on her own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Automatic Telephone Dialing System Class":

> All persons residing in the State of Florida to whom Defendant placed collection calls to such persons' cellular phones using an automatic telephone dialing system after such persons made a do not call request within four years preceding the filing of this complaint through the date of class certification.

25. Plaintiff brings this action against Defendant both on her own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Prerecorded Messages Class":

> All persons residing in the State of Florida to whom Defendant placed collection calls to such persons' cellular phones using prerecorded messages after such persons made a do not call request within four years preceding the filing of this complaint through the date of class certification.

26. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

27. Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Florida such that joinder of the respective Class members is impracticable.

28. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

29. Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

30. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

31. Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

32. The questions of law and fact common to the Automatic Telephone Dialing System Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Automatic Telephone Dialing System Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls to Plaintiff and putative Class

members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Plaintiff and other members of the Class revoked any hypothetical consent Defendant may have had to place telephone calls to their cellular phones utilizing an automatic telephone dialing system; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing an automatic telephone dialing system; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

33. The questions of law and fact common to the Prerecorded Messages Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Prerecorded Messages Class include, but are not limited to: (i) whether Defendant placed calls to Plaintiff and putative Class members using prerecorded or artificial voice messages; (ii) whether Plaintiff and other members of the Class revoked any hypothetical consent Defendant may have had to place telephone calls to their cellular phones utilizing prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing prerecorded or artificial voice messages; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE RESPECTIVE CLASSES

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendants contacts made towards the Automatic Telephone Dialing System Class were made with a system defined by the TCPA as an ATDS. Defendant's use of an ATDS in relation to this Class is evinced by the significant pause, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant. Plaintiff's having to say "hello" repeatedly prior to a live person getting on the line further demonstrates Defendant's use of an ATDS. Additionally, Defendant's continued contacts with Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts point to the involvement of an ATDS.

38. Defendant's contacts made towards the Prerecorded Messages Class are similarly covered by the TCPA given the nature of the prerecorded messages Plaintiff experienced on certain calls from Defendant.

39. Defendant violated the TCPA by placing repeated and persistent phone calls to Plaintiff's and the respective Class members' cellular phones using an ATDS and/or prerecorded messages without their consent. Any consent that Defendant may have had to contact Plaintiff and the respective Class members through means of an ATDS and/or prerecorded messages was specifically revoked by their demands that Defendant cease contacting them.

40. The calls placed by Defendant to Plaintiff and the respective Class members were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MAZIE S. CURTIS, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel for the respective Classes;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT

42. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

43. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

8

44. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

45. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

46. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

47. Defendant violated sections 559.72(7) and 559.72(9) of the FCCPA through its unlawful conduct.

    **a. Violations of FCCPA § 559.72(7)**

48. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

49. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it stop calling and after Plaintiff informed Defendant that the party it was seeking is unknown to Plaintiff. Instead of abiding by Plaintiff's wishes, Defendant placed no less than 30 calls to Plaintiff's cellular phone after she demanded that it cease calling her.

WHEREFORE, Plaintiff, MAZIE S. CURTIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 21, 2019                            Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*